IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT E. PHILLIPS,           :

    Petitioner,           :

vs.                           :        CA 13-0039-KD-C

SAM COCHRAN,                  :

    Respondent.

**ORDER**

This cause is presently before the Court on Robert E. Phillips' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (Doc. 1), and the answer of respondent Sam Cochran (Doc. 8). Instead of now entering a report and recommendation regarding appropriate disposition of the instant § 2241 petition, the undersigned need order the respondent to file an amended answer and expand the record with additional information so that the undersigned will be in a better position to dispose of this matter. Before describing the information that the undersigned needs for appropriate disposition of this matter, and why the undersigned needs the respondent to file an amended answer, some discussion of the facts underlying this action is required.

On August 16, 2011, Phillips was arrested and charged with possession of a controlled substance, to-wit: cocaine. (*See* Doc. 8, Exhibit A, at 4 & 10.) In addition, following his arrest on the drug possession charge, Phillips was charged with intimidating a witness after making the following comments to a suspected prostitute in the presence of arresting officers: "'I know she set me up. . . . I'm gonna do what I gotta do when I get out of jail.'" (*Id.* at 10, MOTION TO HOLD WITHOUT BOND.) The State,

therefore, requested that the court hold Phillips without bond at the Mobile County Metro Jail pending a bond hearing "on these cases" in a pleading filed at 4:54 p.m. on August 16, 2011. (*Id.*) There is nothing in the information supplied to this Court to suggest that petitioner appeared before a judicial officer on the date of his arrest but it is clear that following the State's late afternoon filing, Mobile County District Judge Bob Sherling granted the State's motion by endorsement: "[T]o be held w/o bond until [defendant] has hearing on new charges." (*Id.*)

It appears that a bond hearing was set for August 23, 2011 and mention is made on the docket sheets regarding an attorney, Drey Albert Owen, III, being appointed on that date;[1] however, the records are a bit confusing because they seem to indicate that perhaps a bond hearing was conducted with respect to the cocaine possession charge on that date[2]—the docket sheet on the possession case indicating only that a preliminary hearing was set on the cocaine charge for September 19, 2011—but also appear to indicate that the bond hearing on the intimidating a witness charge was reset for September 19, 2011. (*Compare* Doc. 8, Exhibit D, at 4 *with id.*, Exhibit E, at 4.)

Everyone does seem to agree that Phillips appeared in court on September 19, 2011 before Mobile County District Judge Charlie McKnight. (*Compare* Doc. 8, Exhibit B, at 2 (Phillips indicating his last court appearance was September 19, 2011) *with id.*, Exhibits D & E, at 4).) Ron Pearman was appointed to represent Phillips at the proceeding conducted on September 19, 2011 (*see* Doc. 8, Exhibits F & G); the

---

[1] There are no orders in the record supplied by respondent, however, evidencing Owen's appointment to represent Phillips on these two charges as there are evidencing Ron Pearman's appointment. (*See* Doc. 8, Exhibits F & G.)

[2] Interestingly, there are some notes on the front of the Arrest/Book-In Report, apparently made by the district judge, referencing past convictions and the following: "no bond 8-22-11[.]" (Doc. 8, Exhibit A, at 1.)

preliminary hearing was waived in both cases[3] on that date but there is no indication that bond was discussed (*see* Doc. 8, Exhibits D & E, at 4).  However, the exhibits do reflect that a motion for bond hearing was filed on September 26, 2011, in the intimidating a witness case (Doc. 8, Exhibit E, at 4)—presumably by Pearman—but apparently no concomitant motion filed in Phillips' cocaine possession case (*see* Doc. 8, Exhibit D, at 4). And while petitioner was subsequently granted bail in the amount of $5,000 on the intimidating a witness charge (Doc. 8, Exhibit E, at 4 (docket entry for October 3, 2011)), there is absolutely no indication why Phillips was not granted bail on the cocaine possession charge,[4] a Class C felony,[5] the same as intimidating a witness,[6] and a bailable offense under Alabama law.[7]

The only other matter apparent from the docket sheets supplied to this Court is that on February 26, 2013, some seventeen (17) months after his arrest on two Class C felonies, Phillips penned a "Petition and Motion for Issuance of Fast and Speedy Trial" (Doc. 8, Exhibit B), which was ultimately noted on the district court docket sheet as having been filed in both cases on March 6, 2012 (Doc. 8, Exhibits D & E, at 4).[8] Mobile

---

[3] Thus, both cases were waived to the Grand Jury. (*See* Doc. 8, Exhibits D & E, at 2 & 4.)

[4] "Art. I, § 16, Alabama Constitution of 1901, provides that every person charged with a noncapital offense has the constitutional right to pretrial bail." *Ex parte Colbert,* 717 So.2d 868, 871 (Ala. 1998).

[5] "Unlawful possession of a controlled substance is a Class C felony." Ala.Code § 13A-12-212(b).

[6] "Intimidating a witness is a Class C felony." Ala.Code § 13A-10-123(c).

[7] *See* Ala.R.Crim.P. 7.2(b) (bail schedule establishing a recommended range of $2,500 to $15,000 on commission of a Class C felony).

[8] Thus, Phillips has been imprisoned now for some twenty-one (21) months without indictment on charges of committing two Class C felonies.

3

County District Court Judge Charlie McKnight did not enter an order demanding a response from the State and setting a hearing; instead, Judge McKnight, by order dated March 12, 2013, simply forwarded Phillips' motion to the Mobile County District Attorney's Office. (Doc. 8, Exhibit C.)[9] And while Judge McKnight's action in forwarding Phillips' motion to the District Attorney's Office is apparently not unprecedented, *see Austin v. State*, 562 So.2d 630, 631 (Ala.Crim.App. 1989) ("No further action is indicated by the record until April 30, 1986, when the appellant filed a 'Motion for Fast and Speedy Trial.' On May 5, 1986, this motion was transferred to the district attorney's office by the district court."), the undersigned simply cannot "follow" the respondent's exhaustion argument that "[b]ecause the State has not yet responded and the trial court has not ruled on this motion, full appellate review of a decision on this issue has not been sought in the Alabama Court of Criminal Appeals and the Alabama Supreme Court." (Doc. 8, at 6.) The Court's inability in this regard relates to the state

---

[9] Respondent argues parenthetically in his answer that "[i]t appears that Phillips has filed this petition for writ of habeas corpus, *pro se*, while continuing to be represented by appointed counsel, Hon. Charlie Ronald Pearman[]" and, as such, his petition should be dismissed because "he has no legal right to a hybrid representation." (Doc. 8, at 2 n.1.) This is simply not an example of "hybrid" representation. Hybrid representation is a situation in which a defendant wants to represent himself as co-counsel at trial and while the respondent is correct that a defendant does not have a constitutional right to hybrid representation, *Cross v. United States*, 893 F.2d 1287, 1291-1292 (11th Cir.) ("This court has held repeatedly that an individual does not have a right to hybrid representation."), *cert. denied*, 498 U.S. 849, 111 S.Ct. 138, 122 L.Ed.2d 105 (1990), it is equally true that a trial court can allow hybrid representation, *Gill v. Mecuster*, 633 F.3d 1272, 1296 (11th Cir.) (allowing defendant to represent himself as co-counsel at trial is permissible "hybrid" representation under *Faretta*), *cert. denied sub nom. Gill v. Vaughan*, ___ U.S. ___, 132 S.Ct. 826, 181 L.Ed.2d 535 (2011). So, petitioner representing himself in this Court (federal court) does not constitute "hybrid" representation in any sense of that phrase since Pearman was appointed to represent Phillips only in the state district court and there is no constitutional right to appointment of counsel in habeas corpus proceedings. *Cf. Arthur v. Allen*, 452 F.3d 1234, 1249 (11th Cir.) ("Prisoners, including those under a sentence of death, have no constitutional right to the appointment of counsel for postconviction proceedings."), *order modified on reh'g on other grounds*, 459 F.3d 1310 (11th Cir. 2006), *cert. denied*, 549 U.S. 1338, 127 S.Ct. 2033, 167 L.Ed.2d 763 (2007). Indeed, the act of Judge McKnight in forwarding Phillips' motion for a fast and speedy trial to the district attorney's office—as opposed to simply striking same because of Pearman's previous appointment—begs the question of whether Pearman still represents Phillips.

district court's failure to take the motion under submission and order the State of Alabama to file a response by a date certain.[10] Indeed, the state court's failure in this regard begs the question of whether petitioner now finds himself in some sort of legal "no man's land" or "limbo"[11] such that he should be excused from the exhaustion

---

[10]     The undersigned has no reason to suspect that the state district court is not as equally concerned, as is this Court, with the fact that Phillips, to date, has not been indicted despite his arrest on August 16, 2011 and being "bound over" to the grand jury on September 19, 2011. *Compare Austin, supra*, 562 So.2d at 631, 632 & 633-634 ("The record indicates that, on September 24, 1984, a complaint was filed in the District Court of Mobile County, charging the appellant with robbery in the first degree. A warrant was issued on the same day. No further action is indicated by the record until April 30, 1986, when the appellant filed a 'Motion for Fast and Speedy Trial.' On May 5, 1986, this motion was transferred to the district attorney's office by the district court. Thereafter, on August 8, 1986, a 'Motion to Quash Detainers' was filed by the appellant. On August 14, 1986, the appellant pleaded not guilty and demanded a preliminary hearing, which was set for September 11, 1986. The case action summary shows that no bond was set, as the appellant was serving a sentence. On September 11, 1986, the State moved to nol-pros, with leave to present the case to the grand jury; this motion was granted over the objection of the appellant. Subsequently, on November 23, 1987, an indictment was returned, again charging the appellant with the first degree robbery of Desiree Morris. . . . On October 14, 1988, the appellant filed a pro se motion to dismiss, charging that he had been denied his right to a speedy trial. . . . On November 28, 1988, the appellant was arraigned and pleaded not guilty. A trial date was set for January 9, 1989. On January 6, 1989, the appellant filed a motion to dismiss, again alleging the denial of his right to a speedy trial. A hearing was held on that motion on January 9, 1989. . . . The trial court denied the appellant's motion. . . . [W]e find an unreasonable delay without justification or acceptable excuse, which resulted in actual prejudice to the appellant. Therefore, we find that the appellant's constitutional right to a speedy trial has been violated. Therefore, his conviction is reversed, his sentence is vacated, and the indictment is dismissed with prejudice." (citations omitted)) *with State v. Jones*, 35 So.3d 644, 655 (Ala.Crim.App. 2009) ("The length of the delay in prosecuting a defendant begins from the date of the indictment or the date the defendant is arrested pursuant to a warrant, whichever event comes earlier.") and *Goodson v. State*, 588 So.2d 509, 510-511 (Ala.Crim.App. 1991) ("The right to a speedy trial is 'triggered when a criminal prosecution has begun and extends only to those persons who have been "accused" in the course of that prosecution.' This right has been said to be activated when a warrant of arrest is issued, 'because this is when the prosecution is commenced under § 15-3-7, Code of Alabama 1975.'" (citations omitted)). While Phillips was initially arrested without a warrant, it appears that such warrant has since been supplied, at least with respect to the cocaine possession charge. (*See* Doc. 8, Exhibit A, at 5.)

[11]     It certainly appears that at least with respect to a writ of habeas corpus there is a need for petitioner to get some ruling at the local level before appealing to Alabama's appellate courts, *see Williams v. State*, 511 So.2d 265, 267 (Ala.Crim.App. 1987) ("One whose constitutional right to a speedy trial is violated may be granted relief by habeas corpus where his motion for discharge is denied and no other remedy is available."); *Aaron v. State*, 497 So.2d 603, 605 (Ala.Crim.App. 1986) ("Pending trial, the remedy for illegal confinement by reason of the erroneous postponements of trial is habeas corpus where a motion for discharge has been (Continued)

requirement on the basis that "there is an 'absence of available state corrective process' or 'circumstances exist that render such process ineffective to protect [his] rights.'" *Robinson v. Hughes,* 2012 WL 255759, *2 (M.D. Ala. Jan. 5, 2012) (citations omitted), *report and recommendation adopted,* 2012 WL 253975 (M.D. Ala. Jan. 27, 2012).

In light of the foregoing, respondent is **ORDERED** to file an amended answer, on or before **June 20, 2013**, to address this Court's concerns with the exhaustion arguments contained in the present answer. In addition, on or before that same date, respondent is **ORDERED** to expand the record in this case, pursuant to 28 U.S.C. foll. § 2254 Rule 7,[12] to provide this Court with the following additional information: (1) a transcribed copy of all proceedings attendant to Phillips' appearance in the Mobile County District Court on August 23, 2011 (or August 22, 2011) on all charges (*see* Doc. 8, Exhibits D & E, at 4); (2) a transcribed copy of all proceedings attendant to Phillips' appearance in the Mobile County District Court on September 19, 2011 on all charges (*see id.*); (3) the motion for bond hearing filed on September 28, 2011, in the intimidating a witness case and all written documentation regarding the granting of a $5,000 bond in

---

denied and no other remedy is available."), and respondent has not suggested any other avenues of challenge, such as a petition for writ of mandamus, reasonably available to Phillips and to which the state district court would have to respond, *cf. Ex parte Anderson,* 979 So.2d 777, 779 (Ala. 2007) (writ of mandamus directed to circuit court judge on grounds of the denial of the right to a speedy trial). In other words, the respondent need establish for this Court how Phillips can garner any ruling from the Mobile County District Court that he can then exhaust in Alabama's appellate courts, or, otherwise, present to this Court a definable remedy Phillips can pursue in the state courts of Alabama.

[12]   For the same reason that § 2254 exhaustion principles apply to § 2241 petitions, *see, e.g., Smith v. Price,* 2010 WL 749352, *2 n. 3 (M.D. Ala. Mar. 3, 2010) ("Although the statutory language of § 2241 itself does not contain an exhaustion requirement, this Circuit has determined that the requirements of § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, *i.e.,* those who are 'in custody in violation of the Constitution or laws or treaties of the United States.'"), the rules governing § 2254 cases also govern § 2241 cases.

that case on October 3, 2011 (*see* Doc. 8, Exhibit E, at 4); and (4) any and all paperwork attendant to Judge McKnight "no bonding" Phillips on the possession of cocaine charge.[13]

    **DONE** and **ORDERED** this the 17th day of May, 2013.

                                s/WILLIAM E. CASSADY
                                **UNITED STATES MAGISTRATE JUDGE**

---

[13] What this Court is looking for is documentation reflecting the reasons why the cocaine possession charge, a Class C felony, would result in a "no bond" (though a bondable offense under Alabama law) but the intimidating a witness charge, also a Class C felony, would later merit a bond of $5,000.