# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT E. PHILLIPS, #0083516, | : | |
| Petitioner, | : | |
| vs. | : | CA 13-0039-KD-C |
| SAM COCHRAN, | : | |
| Respondent. | | |

## REPORT AND RECOMMENDATION

Robert E. Phillips, a state pretrial detainee presently in the custody of the respondent, has filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. 1). This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that Phillips' petition now be **DISMISSED**, without prejudice, to afford him an opportunity to exhaust all available state remedies.

## FINDINGS OF FACT

On August 16, 2011, Phillips was arrested and charged with possession of a controlled substance, to-wit: cocaine. (*See* Doc. 8, Exhibit A, at 4 & 10.) In addition, following his arrest on the drug possession charge, Phillips was charged with intimidating a witness after making the following comments to a suspected prostitute in the presence of arresting officers: "'I know she set me up. . . . I'm gonna do what I gotta do when I get out of jail.'" (*Id.* at 10, MOTION TO HOLD WITHOUT BOND.) The State, therefore, requested that the court hold Phillips without bond at the Mobile County Metro Jail pending a bond hearing "on these cases" in a pleading filed at 4:54 p.m. on August 16, 2011. (*Id.*) Following the State's late afternoon filing, Mobile County District

Judge Bob Sherling granted the State's motion by endorsement: "[T]o be held w/o bond until [defendant] has hearing on new charges." (*Id*.)

It appears that a bond hearing was set for August 23, 2011 and mention is made on the docket sheets regarding an attorney, Drey Albert Owen, III, being appointed on that date; however, the records are a bit confusing because they seem to indicate that perhaps a bond hearing was conducted with respect to the cocaine possession charge on that date[1]—the docket sheet on the possession case indicating only that a preliminary hearing was set on the cocaine charge for September 19, 2011—but also appear to indicate that the bond hearing on the intimidating a witness charge was reset for September 19, 2011. (*Compare* Doc. 8, Exhibit D, at 4 *with id*., Exhibit E, at 4.)

Everyone does seem to agree that Phillips appeared in court on September 19, 2011 before Mobile County District Judge Charlie McKnight. (*Compare* Doc. 8, Exhibit B, at 2 (Phillips indicating his last court appearance was September 19, 2011) *with id*., Exhibits D & E, at 4).) Ron Pearman was appointed to represent Phillips at the proceeding conducted on September 19, 2011 (*see* Doc. 8, Exhibits F & G); the preliminary hearing was waived in both cases[2] on that date but there is no indication that bond was discussed (*see* Doc. 8, Exhibits D & E, at 4). However, the exhibits do reflect that a motion for bond hearing was filed on September 26, 2011, in the intimidating a witness case (Doc. 8, Exhibit E, at 4)[3] but no concomitant motion filed in

---

[1] There are some notes on the front of the Arrest/Book-In Report, apparently made by the district judge, referencing past convictions and the following: "no bond 8-22-11[.]" (Doc. 8, Exhibit A, at 1.)

[2] Thus, both cases were waived to the Grand Jury. (*See* Doc. 8, Exhibits D & E, at 2 & 4.)

[3] This motion was filed by Phillips' attorney in district court, Ron Pearman. (*See* Doc. 12, Exhibit C.)

Phillips' cocaine possession case (*see* Doc. 8, Exhibit D, at 4). And while petitioner was subsequently granted bail in the amount of $5,000 on the intimidating a witness charge (Doc. 8, Exhibit E, at 4 (docket entry for October 3, 2011)), Phillips was never granted bail on the cocaine possession charge,[4] a Class C felony,[5] the same as intimidating a witness,[6] and a bailable offense under Alabama law.[7]

On January 25, 2013, Phillips filed a petition for writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2241, and therein asserted the following claims: (1) he was denied due process in violation of the Fourteenth Amendment to the United States Constitution; and (2) he was denied the right to challenge the "signature of the arrest report by the arresting officer." (Doc. 1, at 7 & 8.) Phillips sought release from jail, his records cleared, and "compensation of min[imum] wage." (Doc. 1, at 9.)

One month later, on February 25, 2013, Phillips penned a "Petition and Motion for Issuance of Fast and Speedy Trial" (Doc. 8, Exhibit B), which was ultimately noted on the state district court docket sheet as having been filed in both of his pending cases on March 6, 2013 (Doc. 8, Exhibits D & E, at 4). Mobile County District Court Judge Charlie McKnight did not enter an order demanding a response from the State and setting a hearing; instead, Judge McKnight, by order dated March 12, 2013, simply forwarded Phillips' motion to the Mobile County District Attorney's Office. (Doc. 8, Exhibit C.)

---

[4] "Art. I, § 16, Alabama Constitution of 1901, provides that every person charged with a noncapital offense has the constitutional right to pretrial bail." *Ex parte Colbert,* 717 So.2d 868, 871 (Ala. 1998).

[5] "Unlawful possession of a controlled substance is a Class C felony." Ala.Code § 13A-12-212(b).

[6] "Intimidating a witness is a Class C felony." Ala.Code § 13A-10-123(c).

[7] *See* Ala.R.Crim.P. 7.2(b) (bail schedule establishing a recommended range of $2,500 to $15,000 on commission of a Class C felony).

Following this Court's entry of several orders emphasizing the above procedural history and seeking an expansion of the record by the respondent, along with an explanation from him regarding why this Court should not determine that "petitioner now finds himself in some sort of legal 'no man's land' or 'limbo' such that he should be excused from the exhaustion requirement on the basis that 'there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights[,]"'" (*compare* Doc. 9, at 1-6 *with* Docs. 10 & 11), the respondent finally filed his supplemental answer on August 9, 2013 (Doc. 12).[8]

The respondent's supplemental answer establishes that on June 21, 2013, more than twenty-two (22) months following petitioner's arrest and confinement on two Class C felonies, Phillips was finally indicted on charges of unlawfully possessing cocaine and threatening a witness. (Doc. 12, Exhibit A.) Just eight (8) days shy of his second anniversary in the Mobile County Metro Jail, that is, on August 8, 2013, Phillips was arraigned by Mobile County Circuit Judge Michael A. Youngpeter on both charges (Doc. 12, Exhibit B, ORDER AT ARRAIGNMENT) and counsel was appointed to represent petitioner on those charges (Doc. 12, Exhibit B, ORDER).[9] Both of these orders reflect that the next "disposition" of petitioner's charges is set for August 22, 2013. (*Compare id.*, Arraignment Order ("Both prosecution and defense will be expected to disclose expected length of trial, number of witnesses to be called, ***pre-trial motions***, requested voir dire and any problems expected at trial." (emphasis

---

[8] As reflected in the undersigned's July 9, 2013 order, the failure of respondent's counsel to receive this Court's orders dated May 17, 2013 (Doc. 9) and June 24, 2013 (Doc. 10) is attributable solely to respondent's failure "to add his attorney to the docket sheet for notification purposes." (Doc. 11, at 1.)

[9] The appointment of counsel at arraignment in Mobile County Circuit Court confirms for the undersigned that counsel appointed to represent Phillips in the Mobile County District Court, Ron Pearman, ceased being his attorney shortly after waiver of the preliminary hearing and conclusion of the bond issue on the intimidating a witness charge.

supplied)) *with id.,* Order ("Defendant has 20 days to file *special* pleas and *motions*." (emphasis supplied).)

## **CONCLUSIONS OF LAW**

Provided two requirements are satisfied, a state pretrial detainee like Phillips can raise constitutional claims in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *See, e.g., Robinson v. Hughes,* 2012 WL 255759, *2 (M.D. Ala. Jan. 5, 2012), *report and recommendation adopted*, 2012 WL 253975 (M.D. Ala. Jan. 27, 2012). First, the petitioner must be "in custody," albeit "not pursuant to the final judgment of a state court[,]" *id.*, citing *Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987); 28 U.S.C. § 2241(c), and, second, he "must have exhausted his available state remedies." *Id.*; *see Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 488-489 & n.4, 93 S.Ct. 1123, 1126-1127 & n.4, 35 L.Ed.2d 443 (1973) (finding petitioner had satisfied § 2241(c)(3)'s "in custody" requirement and that he had exhausted "all available state remedies as a prelude to this action.").

Here, Phillips is incarcerated in the Mobile Metro Jail awaiting trial on criminal charges arising in Mobile County, Alabama. Therefore, he clearly satisfies the "in custody" requirement for purposes of § 2241.

Turning to the second requirement, the United States Supreme Court in *Braden, supra,* certainly gave every indication that a petitioner must exhaust all available state remedies under an action brought pursuant to § 2241. *See* 410 U.S. at 485-489, 93 S.Ct. at 1125-1127. "Although the statutory language of 28 U.S.C. § 2241 itself does not contain an exhaustion requirement, this circuit has determined that the requirements of 28 U.S.C. § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Robinson, supra,* at *2 n.3 (citations

5

omitted); *see also Skaggs v. Morgan,* 2012 WL 684801, *3 (N.D. Fla. Jan. 31, 2012) ("Despite the absence of an exhaustion requirement in the statutory language of § 2241(c)(3), a body of case law has developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."), *report and recommendation adopted,* 2012 WL 684766 (N.D. Fla. Mar. 2, 2012).

A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state [petitioners] give state courts a *fair* opportunity to act on their claims." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845, 119 S.Ct. at 1732; *see Heck v. Humphrey*, 512 U.S. 477, 480-481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("The federal habeas corpus statute . . . requires that state [petitioners] first seek redress in a state forum."); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) ("If . . . habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'"*Id*. (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982). Each and every claim raised in the petition must be exhausted to the state's highest court and it is the petitioner's burden to show that all claims have been fairly presented to that court. *See Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("[O]ur interpretation of § 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."); *Morales v. Shannon*, 2007 WL 1877977, *3 (E.D. Pa. June 27, 2007) ("A petitioner must exhaust state remedies as to each of his federal claims."); *United States ex rel. Quezada v. Uchtman*, 2006 WL 3341200, *2 (N.D. Ill. Nov. 16, 2006) ("[T]he petitioner must properly assert each claim at each and every level in the state court system, either on direct appeal of his conviction or in post-conviction proceedings.").

The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984).

7

Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under *Fay v. Noia*, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

In this case, Phillips certainly has not exhausted his asserted constitutional claim(s) in the Alabama Supreme Court nor has he established any basis for this Court to excuse the exhaustion requirement now that he has been indicted and appeared before a Mobile County Circuit Judge. Moreover, petitioner can certainly "press" his speedy trial right claim to the Mobile County Circuit Court[10] and on appeal should he fail to be afforded relief by the trial court, particularly since it appears that an arrest warrant was supplied, at least with respect to the cocaine possession charge, six days

---

[10] Petitioner can advise the Mobile County Circuit Court of his position that he has been denied a speedy trial by pre-trial motion filed before the disposition hearing set for August 22, 2013 (*see* Doc. 12, Exhibit B, ORDER AT ARRAIGNMENT) or, presumably, by special motion filed before August 28, 2013 (*see id.*, ORDER).

after petitioner's arrest on August 22, 2011 (*see* Doc. 8, Exhibit A, at 5). *Compare Austin v. State*, 562 So.2d 630, 631, 632 & 633-634 (Ala.Crim.App. 1989) ("The record indicates that, on September 24, 1984, a complaint was filed in the District Court of Mobile County, charging the appellant with robbery in the first degree. A warrant was issued on the same day. No further action is indicated by the record until April 30, 1986, when the appellant filed a 'Motion for Fast and Speedy Trial.' On May 5, 1986, this motion was transferred to the district attorney's office by the district court. Thereafter, on August 8, 1986, a 'Motion to Quash Detainers' was filed by the appellant. On August 14, 1986, the appellant pleaded not guilty and demanded a preliminary hearing, which was set for September 11, 1986. The case action summary shows that no bond was set, as the appellant was serving a sentence. On September 11, 1986, the State moved to nol-pros, with leave to present the case to the grand jury; this motion was granted over the objection of the appellant. Subsequently, on November 23, 1987, an indictment was returned, again charging the appellant with the first degree robbery of Desiree Morris. . . . On October 14, 1988, the appellant filed a pro se motion to dismiss, charging that he had been denied his right to a speedy trial. . . . On November 28, 1988, the appellant was arraigned and pleaded not guilty. A trial date was set for January 9, 1989. On January 6, 1989, the appellant filed a motion to dismiss, again alleging the denial of his right to a speedy trial. A hearing was held on that motion on January 9, 1989. . . . The trial court denied the appellant's motion. . . . [W]e find an unreasonable delay without justification or acceptable excuse, which resulted in actual prejudice to the appellant. Therefore, we find that the appellant's constitutional right to a speedy trial has been violated. Therefore, his conviction is reversed, his sentence is vacated, and the indictment is dismissed with prejudice." (citations omitted)) *with State v. Jones,* 35 So.3d 644, 655 (Ala.Crim.App. 2009) ("The length of the delay in prosecuting a defendant

begins from the date of the indictment or the date the defendant is arrested pursuant to a warrant, whichever event comes earlier.") and *Goodson v. State*, 588 So.2d 509, 510-511 (Ala.Crim.App. 1991) ("The right to a speedy trial is 'triggered when a criminal prosecution has begun and extends only to those persons who have been "accused" in the course of that prosecution.' This right has been said to be activated when a warrant of arrest is issued, 'because this is when the prosecution is commenced under § 15-3-7, Code of Alabama 1975.'" (citations omitted)).[11] To date, however, petitioner has failed to exhaust his claim(s) in state court, and since he now has numerous avenues by which he may exhaust his constitutional claims, he is not entitled to relief pursuant to § 2241.

In addition to the foregoing,

> under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts available state remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. Only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court is not allowed. Federal habeas relief should not be used as a pretrial motion forum for state prisoners.

*Robinson, supra*, at *2 (internal citations, quotation marks and brackets omitted). Nothing about Phillips' allegations establish evidence of bad faith prosecution nor do his sparse

---

[11] The state trial court is in a much better position, than is this Court, to get into the procedural "niceties" of whether the technical failure to "execute" the arrest warrant (*see* Doc. 8, Exhibit A, at 5) impacts its speedy trial analysis, particularly since that warrant could have easily been executed on Phillips who has resided at all times in the Mobile County Metro Jail since his warrantless arrest on August 16, 2011.

10

allegations entitle him to review under the "irreparable injury" exception recognized in *Younger v. Harris,* 401 U.S. 37, 53-54, 91 S.Ct. 746, 755, 27 L.Ed.2d 669 (1971). *See id.* at *3. Finally, petitioner has made no showing that he has no available state corrective process, nor does he present any argument warranting "federal court interference in the normal functioning" of Alabama's criminal processes. *Id*. As noted by the *Robinson* court, the state courts of Alabama offer "adequate and effective state procedures for review of [petitioner]'s constitutional claims either **before trial** or, in the event [petitioner] is convicted, through appellate and post-conviction proceedings." *Id*. (emphasis supplied).

Because Phillips has not established any reason for this Court to excuse him from the exhaustion requirement, his § 2241 petition is due to be dismissed without prejudice to afford him the opportunity to exhaust all available state court remedies before pursuing federal habeas corpus relief.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). State pretrial detainees, like Phillips, "must obtain a COA to appeal the denial of a federal habeas petition filed pursuant to 28 U.S.C. § 2241." *Daker v. Warren,* 2012 WL 2403437, *8 (N.D. Ga. June 25, 2012) (citations omitted); *see also Hiteshaw v. Butterfield,* 262 Fed.Appx. 162, 163 (11th Cir. Jan. 10, 2008) ("Hiteshaw's detention arises out of a state court pre-trial detention order issued after the court found probable cause to believe that Hiteshaw was a sexually violent predator under the Jimmy Ryce Act. Our reasoning in *Medberry* supports that Hiteshaw's detention arises out of process issued by a state court because the detention arose from a state court detention order[; thus, petitioner was required to obtain a COA to

appeal.]");[12] *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir.) ("[S]tate prisoners proceeding under § 2241 must obtain a COA to appeal."), *cert. denied,* 540 U.S. 900, 124 S.Ct. 258, 157 L.Ed.2d 181 (2003). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as the petitioner has not exhausted state remedies and has not established any reason for this Court to excuse him from exhaustion of those remedies, a reasonable jurist could not conclude either that this Court is in error in dismissing Phillips' petition, without prejudice, for want of jurisdiction or that Phillips should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not

---

[12] There is simply no question but that Phillips' detention arises out of process issued by an Alabama state court, more specifically, the Mobile County District Court, and, now, the Mobile County Circuit Court.

conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Because a § 2241 petitioner must obtain a COA to appeal, the same as a § 2254 petitioner, the undersigned simply notes that Rule 11(a) of the Rules Governing § 2254 Cases provides for the following procedure: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Accordingly, if there is an objection to this recommendation by Phillips, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted*, 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Robert E. Phillips' habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** without prejudice to afford him an opportunity to exhaust all available state remedies. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 14th day of August, 2013.

        s/WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**